[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 18, 2005
THOMAS K. KAHN
CLERK

No. 05-11038
Non-Argument Calendar

_____

D. C. Docket No. 04-14061-CR-DMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ONEIL GEORGE REID,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 18, 2005)

Before BIRCH, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Oneil George Reid appeals his 37-month sentence for his conviction for unlawful reentry into the United States by a felon. On appeal, Reid asserts that his sentence was unreasonable because the court did not consider his inability to participate in the Bureau of Prison's drug treatment program when it imposed its sentence. Because the sentence is not unreasonable, we AFFIRM.

## I. BACKGROUND

Reid was charged in a two-count indictment with (1) unlawful reentry into the United States following deportation for commission of an aggravated felony in violation of 8 U.S.C. § 1326 and (2) willful misrepresentation of his citizenship in violation of 18 U.S.C. § 911. The government agreed to dismiss the second count after sentencing, and Reid pled guilty to the first count.

At his sentencing hearing, the court sentenced Reid to 37 months and observed that the sentence was at the low end of the Sentencing Guidelines range: "Pursuant to the Booker decision, I have considered the [G]uidelines, although I recognize they are advisory, however, I do believe the [G]uidelines in this case are reasonable, particularly given consideration of the other factors in 3553." R3 at 5. Reid noted at the hearing that the presentence investigation report was mistaken in claiming that he had been deported more than once. The court replied,

2

The factor that I was looking at in terms of coming back is not present. But I still don't see, given the criminal history of the defendant, why the guidelines, the low end of the guidelines, don't produce a reasonable sentence. So I am going to maintain the 37 month sentence. But thank you for correcting that misapprehension.

R3 at 10.

Under 18 U.S.C. § 3621(e)(2)(B), the Bureau of Prisons may reduce an inmate's sentence up to a year for successful completion of a drug rehabilitation program. Reid has a history of substance abuse and planned to request admission to the program. At the hearing, the probation officer incorrectly reported that the drug rehabilitation program had been terminated because of funding. Reid noted that the end of the program made moot his request for admission to it. When Reid discovered that the program was still available, he moved to reopen his sentencing.

Reid argued that his sentence should be reduced by 12 months, because he was unable to participate in the program. He does not specify whether his request is premised on being denied access to the program because of the misinformation at the hearing or because he believes that he is ineligible for the program because of his alien status. Reid would not be denied access to the drug rehab program, but he is ineligible for a reduction in his sentence, because he is an illegal alien. See 28 C.F.R. § 550.58(a)(1)(i).

3

In denying Reid's motion, the court explained: "At the sentencing hearing, I considered and discussed all the information provided by the parties, including the Defendant's alien status disqualifying him from participating in the BOP treatment program. After considering all the relevant factors, I imposed a sentence at the low end of the guideline range." R1-35. Arguing that the denial of his motion to reduce his sentence after United States v. Booker, 543 U.S. ___, 125 S. Ct. 738 (2005), is unreasonable, Reid appeals.

## II. DISCUSSION

Reid argues that he would be eligible for a 12-month reduction of his sentence if he could participate in the prison drug treatment program and that, because of the advisory nature of the Sentencing Guidelines, the court should have compensated him for being unable to participate by reducing his sentencing by at least 12 months.[1] He contends that the court's error violated Booker, which requires a court to consider the factors listed in 18 U.S.C. § 3553(a)(2) in formulating a reasonable sentence.

---

[1] Reid's argument is misleading. He would be eligible for the program, but not for the 12-month sentence reduction. The sentence reduction is merely an option for the Bureau of Prisons, which denies, as a matter of course, such reductions to prisoners who have a detainer lodged against them by the Immigration and Naturalization Service. Thus, Reid is not entitled to a reduction, and there is no other argument that the court miscalculated his sentencing range.

In Booker, the Supreme Court held that the mandatory nature of the Federal Sentencing Guidelines rendered them incompatible with the Sixth Amendment's guarantee of the right to a jury trial. 543 U.S. at ___, 125 S. Ct. at 749–51. The Court explained: "Without the 'mandatory' provision, the Act nonetheless requires judges to take account of the Guidelines together with other sentencing goals" contained in 18 U.S.C. § 3553(a). Id. Section 3553(a) instructs district courts imposing a sentence to consider the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; and the kinds of sentences and sentencing range established by the Guidelines. See 18 U.S.C. § 3553(a).

We "review for unreasonableness" sentences imposed after Booker. 543 U.S. at ___, 125 S. Ct. at 765 (quotation and alteration omitted); see also United States v. Crawford, 407 F.3d 1174, 1178 (11th Cir. 2005) (noting that "Booker established a 'reasonableness' standard for the sentence finally imposed on a defendant"). We do "not expect the district court in every case to conduct an accounting of every § 3553(a) factor . . . and expound upon how each factor played a role in its sentencing decision." United States v. Robles, 408 F.3d 1324, 1328 (11th Cir. 2005) (per curiam). The district court is obligated, however, "to

5

calculate <u>correctly</u> the sentencing range prescribed by the Guidelines." <u>Crawford</u>, 407 F.3d at 1178.

In <u>United States v. Winingear</u>, we conducted a review of an appellant's sentence for reasonableness and explained that the sentence must be reasonable in the context of the factors listed in 18 U.S.C. § 3553(a). ___ F.3d ___, 2005 WL 2077087, at *3 (11th Cir. Aug. 30, 2005) (per curiam). In conducting our review, we stated: "[W]e do not apply the reasonableness standard to each individual decision made during the sentencing process; rather, we review the final sentence for reasonableness." <u>Id.</u> We declined to address whether sentences within the Guidelines range were <u>per se</u> reasonable, holding that, based on the factors listed in 18 U.S.C. § 3553(a), the sentence was reasonable. <u>Id.</u> at *4–5.

The same analysis applies in this case. After reviewing the record, we conclude that the district court applied the Guidelines in an advisory fashion and considered the factors in 18 U.S.C. § 3553(a) in imposing Reid's sentence. Although the court did not detail the sentencing factors of § 3553(a) or the weight it had accorded to each factor, it is not required to do so. <u>See</u> <u>Robles</u>, 408 F.3d at 1328. Furthermore, once the probation officer corrected the misinformation about whether a drug treatment program still existed, the court, in its order denying the motion to reopen Reid's sentencing, clarified that it <u>had</u> considered Reid's ability

6

to participate in the drug rehabilitation program in calculating his sentence. Given these considerations, we do not consider the Reid's sentence to be unreasonable.

## III. CONCLUSION

Reid has appealed his 37-month sentence, following his conviction for unlawful entry into the United States by a convicted felon. After considering the § 3553(a) factors, the district court imposed a sentence at the low end of Guidelines range. As we have explained, when viewed in its totality, Reid's 37-month sentence is not unreasonable.

**AFFIRMED**.